Syllabus.

Billings v. Worcester, 102 Mass. 329; Aldrich v. Gorham, 77 Me. 287; Titus v. Northbridge, 97 Mass. 258; Norton v. Taunton City, 97 Mass. 266; McGrew v. Stone, 53 Pa. 436; Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Tp. v. Watson, 116 Pa. 344; Del. etc. R. Co. v. Cadow, 120 Pa. 559.

*Mr. Grant Weidman* (with him *Mr. P. S. Keiser*), for the appellee.

Counsel cited: Burrell Tp. v. Uncapher, 117 Pa. 353; Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276; Hey v. Philadelphia, 81 Pa. 44; Norristown v. Moyer, 67 Pa. 355; Erie City v. Schwingle, 22 Pa. 385; Beach on Cont. Neg., § 76; Wharton on Neg., 2d ed., §§ 99, 984; Hunt v. Pownal, 9 Vt. 411; Baldwin v. Turnpike Co., 40 Conn. 238; Plymouth Tp. v. Graver, 125 Pa. 36; Jackson Tp. v. Wagner, 127 Pa. 185; McCully v. Clarke, 40 Pa. 406; Penna. Canal Co. v. Bentley, 66 Pa. 34.

PER CURIAM:

If there is anything the matter with this case, it is the verdict. Over that we have no control. The rulings of the learned judge below are free from error.

Judgment affirmed.

---

## DeF. BALLOU ET AL. v. JAMES MARCH.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 21, 1890—Decided March 3, 1890.

1. Specific performance of a contract will not be decreed by proceedings in equity, unless the terms of the contract are clear and certain, capable of ascertainment from the instrument itself, and such as afford to the parties mutuality of remedy.

2. The contract of defendant to assign a judgment he held against a railroad company, the assignee to sell out the road, organize a new company, and give defendant " securities thereof . . . . . and a contract for construction," was not enforceable against defendant.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Clark, Williams and Mitchell, JJ.

No. 238 January Term 1890, Sup. Ct.; court below, No. 81 November Term 1883, C. P. in Equity.

On March 18, 1889, DeForrest Ballou and William Eccles, Jr., filed a bill in equity against James March, in which it was averred:

"1. That the said defendant, James March, did, by his writing dated the twenty-eighth day of June, A. D. 1888, a copy of which is hereto attached and made a part of this bill, agree with your orators, through Richard B. Osborne, that, in consideration of the performance on the part of your orators of the conditions therein mentioned to be done and performed on their part, he would assign the judgment obtained by him, the said defendant in the above-entitled case, as of November Term 1883, No. 81, to your orators, or such person or persons or corporation as they might designate for the purposes of said agreement, and in general do all things and sign all such papers as might be necessary to carry the full import of said writing or agreement into full force and effect; and that the said Richard B. Osborne was acting for your orators in making said agreement, and has assigned all rights accruing to him thereunder to your orators.

"2. That, in accordance with the terms of said writing, your orators have taken the necessary steps and proceedings to carry out the true intent and meaning of such contract, and have performed, and are now ready and willing to do and perform, all conditions precedent to be performed on their part to entitle them to a performance on the part of the said defendant of his part of said contract, and have applied to and requested of the said defendant to assign upon the record and mark said judgment to the use of your orators, which the said defendant, James March, has and does refuse to do, and has in every respect totally failed to carry out the terms of his said contract, in fraud of the rights of your orators therein.

"3. That your orators have not an adequate remedy at law, and that, for the purpose for which said agreement was made, they should have specific performance of said contract, otherwise they will sustain a large loss and irreparable injury."

Statement of Facts.

So averring, the plaintiffs prayed that the defendant should be decreed to specifically perform the contract, a copy of which was set out in the bill, as follows :

" Richard B. Osborne, Esq., C. E. :

" DEAR SIR : I hold a judgment against the South Mountain R. R. Co. for $25,000, with interest and costs, for work done in the construction of said railroad, upon which has been sold the corporate franchises and assets of said corporation, purchased by my attorney, and are now held by me. This judgment I agree to transfer, with the corporate rights, franchises and property acquired by me under said sale, unto you, in trust for such parties as you represent, who will reorganize a railroad company under the corporate franchises of said South Mountain R. R. Co., and for which I agree to accept from said re-organized corporation, securities thereof for my judgment, interest, costs, franchises, rights and property, and a contract for the construction of a part of said road ; and in furtherance thereof I agree to aid and co-operate in such re-organization with your parties, assign said judgment by marking the same to their use, or to the use of such person or persons or corporation as they may designate for that purpose, and in general to do all things and sign all such papers as may be necessary to carry the full import of this paper and re-organization of such corporation into full force and effect.

" Yours respectfully,

" JAMES MARCH,

" June 28, 1888.                          Per Attorney."

" Signed by J. P. S. GOBIN for JAMES MARCH, in my presence, by his direction.          RICH'D B. OSBORNE."

" June 28, 1888 : I accept on behalf of the parties whom I represent, the terms of the foregoing, and agree for them to carry out the same into force and effect.

" RICH'D B. OSBORNE."

" This witnesseth that the foregoing writing was obtained at the request of DeForrest Ballou and William Eccles, Jr., and that I now assign, transfer, and set over unto them, their heirs and assigns, the same, and all benefit and advantage to be derived therefrom. It being understood that I, Richard B. Osborne, am to retain the power as agent for the said James

Opinion of Court below.

March, to see that the stipulated conditions with him herein contained are fully carried out.

" Witness my hand and seal, June 28, 1888.

"RICH'D B. OSBORNE.    [SEAL.] "

" Witness :

"WM. P. MAHONEY."

To the foregoing bill, the defendant filed a general demurrer. Issue having been joined on the demurrer, the court, on June 24, 1889, filed an order overruling the demurrer and directing the defendant to answer, all questions to remain open until the facts were found by a master. The defendant having answered, and issue being joined, the cause was referred to *Mr. Charles M. Zerber*, as examiner and master, who on December 16, 1889, filed a report recommending a decree in favor of the plaintiffs against the defendant, as prayed for.

To the report of the master the defendant filed exceptions, certain of which were as follows :

8. The master erred in finding from the facts and the law that the plaintiffs were entitled to a specific performance of the assignment of the said judgment by the said defendant to the said plaintiffs and marking the same to their use.[1]

11. The master erred in finding that there was a mutuality of remedy by specific performance between the said plaintiffs and the said defendant, the one against the others, and vice versa.[2]

Said exceptions having been overruled by the master and filed with his report, on January 3, 1890, after argument thereof, the court, McPHERSON, J., filed the following opinion :

When the demurrer was overruled, all questions were expressly left open for future determination, and it now becomes necessary, therefore, to decide whether the plaintiffs have made out a case which entitles them to equitable relief.

Subject to some exceptions, not now material, the general rule in equity is, that to entitle a party to a decree for specific performance the contract must be mutual. As was said in Bodine v. Glading, 21 Pa. 53 : "Both parties must, by the agreement, have a right to compel specific performance ; otherwise, it would follow that the court would decree a specific performance when the party called upon to perform it might

be in this situation, that if the agreement was disadvantageous
to him he would be liable to the performance, and yet if ad-
vantageous to him he could not compel a performance." And
in Meason v. Kaine, 63 Pa. 340, the court say : " One of the
fundamental principles adopted by courts of equity in bills for
specific performance, is that there must be mutuality of remedy.
Both parties must have a right to a decree." See, also, New-
ell's App., 100 Pa. 518, where Bodine v. Glading is recognized
as authority. Another rule upon this subject is thus stated in
Hammer v. McEldowney, 46 Pa. 336: "It is a settled rule in
equity, that the specific performance of a contract will not be
decreed, unless its terms are clear and capable of ascertainment
from the instrument itself." To the same effect is Backus's
App., 58 Pa. 195: "An agreement to be carried into specific
performance ought to be certain, fair, and just in all its parts."
We also refer to Waterman on Specif. Perf., ch. III. and VI.
Tested by these rules, the bill before us cannot be sustained,
because the contract sought to be enforced is, in some material
parts, too vague and uncertain, and because, therefore, the
remedy here is not mutual.

The contract is too vague and uncertain, because the con-
sideration agreed to be given to March is not sufficiently de-
termined. He agrees to accept from a corporation thereafter
to be organized, "securities thereof for my judgment, interest,
costs, franchises, rights, and property, and a contract for the
construction of a part of said road." But the contract does
not inform us what securities are meant, whether bonds alone,
or stock alone, or bonds and stocks together; or, in the latter
event, what proportion of each. Neither do we know at what
rate these securities are to be accepted, whether at par, at a
premium, or at a discount; or, whatever be the rate, to what
amount they are to be given. In reference to the construc-
tion contract, we have as little information. We do not even
know between what points the South Mountain Railroad is
to run ; the length of the road which the defendant is to be
allowed to build, and the situation of this section and the
price he is to receive for the work are equally undetermined.
It may very well be, that under the circumstances, the con-
sideration could not have been more precisely specified. As
to this we cannot speak ; the fact certainly is, that such gen-

eral terms are used that no definite conclusion upon this matter can possibly be reached. In other words, the contract is one which the defendant cannot specifically enforce.

The contract is too uncertain also, because of the doubt whether the plaintiffs ever will be in a situation to carry out its provisions. Assuming that the plaintiffs are personally bound to March, how can it be said with certainty, or even with sufficient probability, that the proposed corporation will be organized by them or in their interest? They desire to use March's judgment in order to sell the franchises of the road, expecting to buy them at the sheriff's sale, to reorganize under existing legislation, and thus, and not otherwise, to be in a position to give March his securities and award him his construction contract. But suppose, as may readily happen, that other persons buy at the sheriff's sale and organize a corporation from which the plaintiffs are wholly excluded; how then could March compel specific performance by the plaintiffs, whatever his legal rights under the contract might be?

Assuming, however, that the proposed corporation is organized by the plaintiffs, or in their interest, and that the contract in question is held to bind the corporation as far as it now binds the plaintiffs, could March compel the company to deliver securities to him and award him a construction contract? Obviously, the uncertainty already referred to, as surrounding both these matters, would still exist, and would be fatal to his bill for this purpose against whomsoever it might be brought, and he would be turned over to whatever legal rights he might be found to have.

Without further elaboration, it seems to follow that, if the considerations thus briefly indicated are well founded, the remedy by specific performance upon this contract is not mutual, and therefore that the bill must be dismissed. In this view of the case, it is unnecessary to discuss the other question suggested and we intimate no opinion thereon. We simply decide, that because of the uncertainties above referred to and the consequent lack of mutuality in the remedy, this proceeding cannot be maintained.

The eighth and eleventh exceptions are sustained, and it is now decreed that the plaintiffs' bill be dismissed at their costs.

Opinion of the Court.

A decree having been entered dismissing the plaintiffs' bill, etc., the plaintiffs took this appeal, specifying that the court erred:

1, 2. In sustaining. defendant's exceptions.[1] [2]

3, 4. In dismissing the bill and in refusing the relief prayed for.

*Mr. Furman Sheppard* (with him *Mr. A. W. Ehrgood* and *Mr. DeForrest Ballou*), for the appellants.

Counsel cited: Newell's App., 100 Pa. 518; Bodine v. Glading, 21 Pa. 53; Meason v. Kaine, 63 Pa. 335; Palmer v. Graham, 1 Pars. 476; McGowin v. Remington, 12 Pa. 56; Beasley v. Allyn, 12 W. N. 91; Mechanics Bank v. Seton, 1 Pet. 299; Western R. Co. v. Babcock, 6 Met. 346; Old Colony R. Co. v. Evans, 6 Gray 25; 2 Rorer on Railroads, 1457; Seymour v. Delaney, 3 Conn. 445, 505; Cathcart v. Robinson, 5 Pet. 264; Waterman on Specif. Perf., § 186; Story's Eq. J., § 244; Pomeroy's Eq. J., § 1405.

*Mr. W. M. Derr* (with him *Mr. Grant Weidman*), for the appellee.

Counsel cited: Commonwealth v. Railway, 52 Pa. 506; Miss. etc. R. Co. v. Cromwell, 91 U. S. 643; Brightly's Eq., § 236; Greenlee v. Greenlee, 22 Pa. 235; Bodine v. Glading, 21 Pa. 53; Meason v. Kaine, 63 Pa. 340; Newell's App., 100 Pa. 518; Rennyson v. Rozell, 106 Pa. 413; Wilson v. Clarke, 1 W. & S. 555; Ewing v. Gordon, 49 N. H. 457; Backus's App., 58 Pa. 195; Ohio Creek R. Co. v. Railroad Co., 57 Pa. 72; Hammer v. McEldowney, 46 Pa. 336.

PER CURIAM:

This decree is affirmed upon the opinion of the learned judge of the court below.

> Decree affirmed, and the appeal dismissed, at the costs of the appellants.